UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE | : | CIVIL NO. 3: 01CV 519 (PCD) |
| V. | : | |
| RONALD BARRETT, ET AL. | : | JANUARY 20, 2006 |

**ANSWER OF THE DEFENDANTS BERRIOS, ARMSTRONG, AVERY, BILLUE, McINTOSH, MARTO, JOHNSON AND UNIVERSITY OF CONNECTICUT HEALTH CENTER WITH AFFIRMATIVE DEFENSES**

**Preliminary Statement**

1. Plaintiff's Preliminary Statement is denied.

**Nature of Action**

1. Plaintiff's Nature of Action is denied.

**Jurisdiction and Venue**

1. Plaintiff's Jurisdiction and Venue is denied.

**First Count (Federal Claims) (As to Defendant Ronald Barrett)**

1. As to paragraph 1, defendants admit that plaintiff, at the earlier times referenced in his Complaint, was an unsentenced inmate in the Connecticut Department of Correction, and that he became a sentenced inmate on February 15, 2000 and that he remains incarcerated to date. The rest and remainder of the allegations are denied.

2. As to paragraph 2, the defendants note that the case against Ronald Barrett was earlier dismissed by this Court and plaintiff did not appeal that dismissal. He is, therefore, no longer defendant in this case. However, defendants admit the allegations in this paragraph to the

extent that plaintiff alleges that Ronald Barrett was, at times referenced in the complaint, employed by the University of Connecticut Health Center Correctional Managed Health Care as an HIV counselor at the Hartford Correctional Center.  The rest and remainder of the allegations are denied.

      3.     As to paragraph 3, the defendants admit that the defendant Jose Berrios was, at all times referenced in the complaint, employed as a lieutenant by the State of Connecticut Department of Correction.  The rest and remainder of the allegations are denied.

      4.     As to paragraph 4, the defendants admit that portion that alleges, "The Defendant, John Armstrong at all times alleged herein was employed as the Commissioner of the State of Connecticut Department of Corrections."  The rest and remainder of the allegations are denied.

      5.     As to paragraph 5, the defendants admit that portion that alleges, "The Defendant, Ken Avery, at … times alleged herein was employed … at the Hartford … Correctional Center."  The rest and remainder of the allegations are denied.

      6.     As to paragraph 6, the defendants admit that portion that alleges, "The Defendant, Belinda Billue, at … times alleged herein, was employed … at the Hartford … Correctional Center."  The rest and remainder of the allegations are denied.

      7.      As to paragraph 7, the defendants admit that portion that alleges, "The Defendant, Esther McIntosh, at … times alleged herein was employed as a Health Services Administrator …"  The rest and remainder of the allegations are denied.

      8.     As to paragraph 8, the defendants admit that portion that alleges, "The Defendant, Mary Johnson, at … times alleged herein was employed as the Warden at the Hartford … Correctional Center."  The rest and remainder of the allegations are denied.

9. As to paragraph 9, the defendants admit that portion that alleges, "The Defendant, Mary Marto, at … times alleged herein was employed as a Health Services Administrator …" The rest and remainder of the allegations are denied.

10. As to paragraph 10, the defendants admit that portion that alleges, "… in December of 1998 … John Doe was incarcerated in the Hartford … Correctional Center at 177 Weston Street in Hartford, Connecticut." The rest and remainder of the allegations are denied.

11. Paragraphs 11-38 are denied.

12. As to paragraph 39, the defendants admit that portion that alleges, "On or about May 22, 2000, … Barrett was arrested …" is admitted. The rest and remainder of the allegations are denied.

13. As to paragraph 40, the defendants admit that portion that alleges, "On or about January 31, 2001, … Barrett appeared before Judge Ward in Hartford Superior Court, Geographical Area 14 …" The rest and remainder of the allegations are denied.

14. As to paragraphs 41-43, the case against Barrett was dismissed by the Court earlier and plaintiff did not appeal that dismissal. He is therefore, no longer a defendant in this case. Also, the allegations are denied.

**Second Count (Federal Claims) (As to Defendant Berrios)**

1. The defendants' answers to paragraphs 1 through 43 of the First Count are herby made answers to paragraphs 1-43 of plaintiff's Second Count as if fully set forth therein.

3

2. As to paragraph 44, the defendants admit that portion that alleges, "Defendant Berrios, at … times alleged herein, was a Lieutenant at Hartford Correctional Center." The rest and remainder of the allegations are denied.

3. Paragraphs 45-46 and 48-49 are denied.

4. As to paragraph 47, the defendants admit that portion that alleges, "During all times relevant to this Complaint, Defendants were … acting under color of law, that is, under color of the Constitution, statutes, laws … of the State of Connecticut." The rest and remainder of the allegations are denied.

**Third Count (Federal Claims) (As to Defendants Armstrong, Billue, McIntosh, Avery, Marto and Johnson**

1. The defendants' answers to paragraphs 1 through 43 of the First Count are hereby made answers to paragraphs 1-43 of plaintiff's Third Count as if fully set forth therein.

2. As to paragraph 44, the defendants admit that portion that alleges, "Defendant Armstrong, at all times alleged herein, was the Commissioner of the State of Connecticut Department of Correction." The rest and remainder of the allegations are denied.

3. As to paragraph 45, the defendants admit that portion that alleges, "Defendant Billue, at … times alleged herein, was employed … at Hartford Correctional Center." The rest and remainder of the allegations are denied.

4. As to paragraph 46, the defendants admit that portion that alleges, "Defendant Avery, at … times alleged herein, was employed … at Hartford Correctional Center." The rest and remainder of the allegations are denied.

5. As to paragraph 47, the defendants admit that portion that alleges, "Defendant McIntosh, at … times alleged herein, was employed … as the Health Services Administrator …" The rest and remainder of the allegations are denied.

6. As to paragraph 48, the defendants admit that portion that alleges, "Defendant Marto, at … times alleged herein, was employed … as the Health Services Administrator …" The rest and remainder of the allegations are denied.

7. As to paragraph 49, the defendants admit that portion that alleges, "Defendant Johnson, at … times alleged herein, was employed as the Warden at Hartford Correctional Center." The rest and remainder of the allegations are denied.

8. Paragraphs 50-56 and 58-59 are denied.

9. As to paragraphs 57, the defendants admit that portion that alleges, "During all times relevant to this Complaint, Defendants were … acting under color of law, that is, under color of the Constitution, statutes, laws … of the State of Connecticut." The rest and remainder of the allegations are denied.

**Fourth Count (Assault and Battery – State Claim) (As to Defendant Barrett)**

1. The defendants' answers to paragraphs 1 through 43 of the First Count are hereby made answers to paragraphs 1-43 of the plaintiff's Fourth Claim as if fully set forth herein.

2. As to paragraphs 44 and 45, the case against Barrett was dismissed by the Court earlier and plaintiff did not appeal that dismissal. He is, therefore, no longer a defendant in this case. Also, the allegations are denied.

**Fifth Count (Intentional Infliction of Emotional Distress – State Claim) (As to the Defendant Barrett)**

5

1. The defendants' answers to paragraphs 1 through 43 of the First Count are hereby made answers to paragraphs 1-43 of the plaintiff's Fifth Count as if fully set forth herein.

2. As to paragraphs 44 and 45, the case against Barrett was dismissed by the Court earlier and plaintiff did not appeal that dismissal. He is, therefore, no longer a defendant in this case. Also, the allegations are denied.

**Sixth Count (False Imprisonment – State Claim) (As to Defendant Barrett)**

1. The defendants' answers to paragraphs 1 through 43 of the First Count are hereby made answers to paragraphs 1-43 of the plaintiff's Sixth Count as if fully set forth herein.

2. As to paragraphs 44 and 45, the case against Barrett was dismissed by the Court earlier and plaintiff did not appeal that dismissal. He is, therefore, no longer a defendant in this case. Also, the allegations are denied.

**Seventh Count (Negligent Hiring – State Claim) (As to Defendant University of Connecticut Health Center)**

1. The defendants' answers to paragraphs 1 through 59 of the Third Count are hereby made answers to paragraphs 1-59 of the Seventh Count as if fully set forth herein.

2. Paragraphs 60-63 are denied.

**Eighth Count (Negligent Supervision – State Claim) (As to Defendants Ken Avery, Belinda Billue, Esther McIntosh, Mary Marto, Mary Johnson and University of Connecticut Health Center)**

1. The defendants' answers to paragraphs 1 through 59 of the Third Count are hereby made answers to paragraphs 1-59 of the Eighth Count as if fully set forth herein.

2. Paragraphs 60-62 are denied.

**Ninth Count (Negligent Retention – State Claim) (As to Defendant University of Connecticut Health Center)**

6

1. The defendants' answers to paragraphs 1 through 59 of the Third Count are hereby made answers to paragraphs 1-59 of the Ninth Count as if fully set forth herein.

2. Paragraphs 60-63 are denied.

## AFFIRMATIVE DEFENSES

**As to All Claims:**

### FIRST AFFIRMATIVE DEFENSE

The allegations of the complaint do not state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that this case is against state agencies and state officials and employees in their official capacities, it is barred by the Eleventh Amendment to the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendants acted within the scope of their duties as officials/employees of the State of Connecticut performing discretionary functions and they acted within their qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

The defendants, at all times relevant to the complaint, were state officials/employees and their conduct was not wanton, reckless or malicious, and was within the discharge of their duties or within the scope of their employment. They are, therefore, immune from liability pursuant to Conn. Gen. Stat. § 4-165 and under the doctrine of sovereign immunity and their common law privileges and immunities.

### FIFTH AFFIRMATIVE DEFENSE

As to all claims alleging state law causes of action, such may only be maintained upon authorization by statute or by order of the State Claims Commissioner, and since the plaintiff has not and cannot demonstrate authority or authorization to file in Federal Court, nor against the named defendants, this action is barred under the doctrine of sovereign immunity, the doctrine of primary jurisdiction and for failure to exhaust administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

The Federal Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims, if any.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to exhaust his administrative remedies required by the Prison Litigation Reform Act.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege and prove personal participation or responsibility.

### NINTH AFFIRMATIVE DEFENSE

Insofar as plaintiff has a lawsuit pending based on the same facts and seeking the same relief in Doe v. State of Connecticut, No. CV-05-4013064 and to the extent he has been compensated in a lawsuit based on the same facts and seeking the same relief in litigation against Ronald Barrett in CV-02-0818806, duplicate litigation or duplicate awards are precluded or barred in this case.

DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: \_\_\_\_\_/s/_____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel:  (860) 808-5450
Fax: (860) 808-5591


**<u>CERTIFICATION</u>**

I hereby certify that a copy of the foregoing was mailed to the following on this 20th day of January, 2006:

Zisca R. Burkley, Esq.
Rome McGuigan, P.C.
One State Street
Hartford, CT 06103


_____/s/_____
Robert F. Vacchelli
Assistant Attorney General