UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE | : | CIVIL NO. 3:01CV519 (PCD) |
| V. | : | |
| RONALD BARRETT, ET AL. | : | AUGUST 10, 2006 |

### DEFENDANTS' REPLY MEMORANDUM

The defendants, John Armstrong, et al.,[1] by and through their undersigned counsel, hereby submit this reply memorandum pursuant to the order of the court in this case for supplemental briefing dated July 13, 2006.

In this case, the court dismissed the complaint for failure to exhaust prison administrative remedies, required by the Prison Litigation Reform Act (PLRA), on August 20, 2001. Docket No. 34. Reconsideration resulted in no change in that result on May 14, 2002. Docket No. 58. Plaintiff thence appealed. During the pendency of the appeal, the Court of Appeals rendered several decisions which the District Court did not have the benefit of in 2001 and 2002. Consequently, the Court of Appeals remanded the matter, without opinion on whether further factual development was necessary, or what the outcome should be. See Summary Order dated October 11, 2005, Attachment A. In particular, the Court of Appeals asked the District Court to

---

[1] The defendants represented by the Office of the Attorney General are Jose Berrios, John Armstrong, Ken Avery, Belinda Billue, Esther McIntosh, Mary Marto, Mary Johnson and the University of Connecticut Health Center. The defendant Ronald Barrett is not represented by this Office. The Complaint was dismissed as to Mr. Barrett on March 12, 2002. Docket No. 55. No appeal was filed. The case as to Mr. Barrett is over. See Browder v. Director, Dept. of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

focus on whether the case presented circumstances where threats by prison personnel rendered the administrative remedies "unavailable":

> Since this Court heard oral argument, we have issued five consolidated opinions which, in clarifying the nature of this affirmative defense, directly impact this case. *See generally Ortiz v. McBride*, 380 F.3d 649 (2d Cir. 2004); *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004); *Giano v. Goord*, 380 F.3d 670 (2d Cir. 2004); *Hemphill v. State of New York*, 380 F.3d 680 (2d Cir. 2004); *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004).
>
> In *Hemphill* we held that a "three-part inquiry is appropriate in cases where a prison plaintiff plausibly seeks to counter defendants' contention that the prison has failed to exhaust available administrative remedies as required by the PLRA." *Hemphill*, 380 F.3d at 686. First, the court should ask "whether administrative remedies were in fact 'available' to the prisoner." *Id.* (citing *Abney*, 380 F.3d at 667-69). Second, the court should consider whether the defendants "forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it" or are otherwise estopped from raising the defense. *Hemphill*, 380 F.3d at 686 (citing, *Johnson*, 380 F.3d at 695-96; *Ziemba*, 366 F.3d at 163). Third, the court "should consider whether 'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with administrative procedural requirements.'" *Hemphill*, 380 F.3d at 686 (quoting *Giano*, 380 F.3d at 676). Of particular relevance to this case, "in some circumstances threats by prison guards may render administrative remedies 'unavailable' for purposes of [the PLRA]." *Ortiz*, 380 F.3d at 654 (citing *Hemphill*, 380 F.3d at 689-91).
>
> Because *Ortiz*, *Hemphill*, *Giano*, *Johnson*, and *Abney* were decided after the district court's dismissal of Doe's claims, it did not have the benefit of this precedent in considering whether Doe's claims had been exhausted. Accordingly, we remand to the district court to determine whether Doe exhausted his administrative remedies. We take no position on whether the district court's application of *Hemphill* may require additional factual development.
>
> We have considered all of Doe's other arguments on appeal and find them without merit.

<u>Doe v. Barrett, et al.</u>, No. 01-0246. Attachment A at pp. 3-4.

**I.    Plaintiff had an available administrative remedy that he failed to exhaust, defendants are not estopped from raising this defense, and exhaustion is not excusable in this case.**

In the instant case, the Connecticut Department of Correction has a well-established four-step Inmate Grievance Procedure. DOC Directive 9.6, Attachment B. The first step involves an informal resolution request to the unit head. Supra, Sec. 9. If that does not resolve the matter, a grievance may be filed. A Level 1 Review is made by the Unit Administrator or Health Services Administrator, as appropriate. Supra, Sec. 15. If that is not satisfactory to the inmate, he or she can appeal to a Level 2 Review to the Complex Warden or Complex Health Services Administrator. Supra, Sec. 16. If that is not satisfactory, and if the matter involves a department wide policy, or other qualifying matter, a Level 3 Review is available to the Commissioner. Supra, Sec. 17. Forms are provided for each procedural step. Id.

On the issue of whether this case presents circumstances where threats by prison guards may render administrative remedies "unavailable" for purposes of the PLRA, plaintiff argues that his pleadings, on their face, make allegations sufficient to survive a Motion to Dismiss that no administrative remedy was available because he was sexually and physically assaulted by Barrett, and that Barrett threatened him with reprisal if he reported the incident. Plaintiff's Brief, p. 14.

Treating the allegations as true, as the court must on a Motion to Dismiss,[2] these allegations do not suffice to paint circumstances demonstrating that plaintiff had no administrative remedies available. Plaintiff alleges that the assaults began in April, 1999.

---

[2] Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S.Ct. 2490, 53 L.Ed.2d557 (1977); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Complaint, para. 16. At this time, he alleges that Barrett threatened him if he reported the matter. Complaint, para. 18. The assaults continue through September 1999. Complaint, para. 35. However, plaintiff further alleges that on or about July 9, 1999, he "filed an Inmate Request form, intended for the defendant Lt. Berrios, whereby he requested to speak with a prison official in order to inform them of Barrett's conduct toward him." Plaintiff's Brief, p. 3; Complaint, para. 45. He alleges he never got a response. Id.; Complaint, para. 46. An inmate request form filing is a prerequisite to initiating a grievance. DOC Directive 9.6 (9). The next step is a Level 1 Grievance. DOC Directive 9.6 (15).

The timing of these alleged events is significant. If he is to be believed, plaintiff initiated a grievance after he was being assaulted and threatened by Barrett. This refutes his claim that no administrative remedy was available. To the contrary, this proves it was available. He commenced using it. He then abandoned it.

Plaintiff argues that because he did not get a response to his Inmate Request, this per se establishes that the administrative remedy was unavailable. Plaintiff's Brief, p. 15. This is not correct under Connecticut procedures. In Connecticut, if he does not get a timely response, he may then proceed directly to a Level 1 review. DOC Directive 9.6 (10). Where an inmate does not get a response to a filing, and he fails to proceed as permitted by the administrative remedy, this constitutes failure to exhaust, not unavailability. Reyes v. Punzal, 206 F.Supp.2d 431, 433-34 (W.D.N.Y. 2002); accord, Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

His failure to file a Level 1 grievance constitutes a failure to exhaust his remedies under the PLRA. The PLRA requires that the inmate exhaust all available remedies, including appeals, before suit can be filed. Booth v. Churner, 532 U.S. 731, 735, 215 S.Ct. 1819, 149 L.Ed.2d 958

(2001) (Failure to avail of later stages of administrative process); Berry v. City of New York, 345 F.3d 126 (2nd Cir. 2003); Davidson v. Talbot, 2006 U.S. Dist. LEXIS 47554 (N.D.N.Y. 2006); Hoover v. Hardman, 2005 U.S. Dist. LEXIS 42974 (N.D.N.Y. 2005); Rodriguez v. Hahn, 209 F.Supp.2d 344, 347-48 (S.D.N.Y. 2002); Reyes v. Punzal, supra at, 433; Gentry v. Maxwell, 2002 U.S. App. LEXIS 9637 (6th Cir. 2002); Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999); McCrew v. Calvo, 2002 U.S. Dist. LEXIS 5900 (N.D. Cal. 2002); Hernandez-Salazar v. FMC Jail Unit, 2002 U.S. Dist. LEXIS 1169 (N.D. Tex. 2002); Boyd v. Dept. of Correction, 2000 U.S. Dist. LEXIS 10806 (E.D. Pa. 2000); Poer v. Miles, 2000 U.S. Dist. LEXIS 20620 (W.D. Tex. 2000); Tripp v. Carter, 1999 U.S. Dist. LEXIS 16487 (N.D. Ill. 1999) .

Favorable determination on an early step excuses further appeal. Booth v. Churner, supra at 735-36; Ortiz v. McBride, 380 F.3d 649, 653 (2d Cir. 2004); Ziemba v. Clark, 2003 U.S. Dist. LEXIS 22117 (D.Conn. 2003) aff'd 2006 U.S. App. LEXIS 3843 (2d Cir. 2006). That circumstance is not claimed here.

Plaintiff also argues that the defendants should be estopped from asserting the defense of non-exhaustion because he was inhibited from utilizing the system due to the assaults by Barrett. Plaintiff's Brief, p. 18. As with the argument above, plaintiff's claim is refuted by the fact that he commenced the grievance process. This proves he was not inhibited. To the contrary, he abandoned it. Moreover, it is only the defendant Barrett who is accused of threatening him. None of the other defendants are alleged to have made threats. Significantly, the grievance procedure itself protects against retaliation. First, grievances are held with confidentiality and all files are maintained in a locked cabinet. DOC Directives 9.6 (20)(E). Second, inmates who file grievances are protected against reprisal for good faith use or participation in the grievance

procedure. DOC Directive 9.6 (22). These provisions were cited by the U.S. Supreme Court when finding justification for making exhaustion mandatory in all cases. Porter v. Nussle, 534 U.S. 516, 521, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The requirement supports the important interest that prison authorities have in receiving prompt notice of, and an opportunity to take action against, staff misconduct. Supra at 531. Indeed, if plaintiff had promptly filed a grievance, he might never have had any further contacts with the defendant Barrett.

He also claims that defendants should be estopped because exhaustion would have been futile in his case. Futility is not an excuse. Booth v. Churner, supra at 741, n.6; Braham v. Clancy, 425 F.3d 177, 182 (2d Cir. 2005). Moreover, his futility argument is based on the allegations that two other inmates complained about Barrett and no significant action was taken. Plaintiff's Brief, p. 18. That argument is factually incorrect. See Complaint, para. 39. But, more importantly, there is no allegation, nor can there be, that plaintiff knew, in 1999, that those other inmates had complained, nor how the state investigated and responded to the complaints. He could not conceivably be frustrated by information that was not known to him.

Finally, plaintiff argues that this case presents "special circumstances" which would excuse exhaustion. Special circumstances have been found to exist where, because of threats by staff, "a similarly situated individual of ordinary firmness would have been deterred from following regular procedures." Hemphill, supra at 690; see also Larry v. Byno, 2006 U.S. Dist. LEXIS 28920 (N.D.N.Y. 2006). Plaintiff argues that special circumstances exist here that justify failure to file a grievance: Barrett was assaulting and threatening him and any complaint would have been futile due to lack of meaningful action on similar complaints. Plaintiff's Brief, pp. 21, 22. As with the other arguments above, this justification for not filing a grievance is refuted by

6

the fact that plaintiff allegedly started, but abandoned, the grievance process, and he did not know about the other complaints and investigative activities at the time. He was not deterred from filing this federal lawsuit, a Claim in the State Claims Commission[3] and three lawsuits in state court.[4] He cannot validly claim he was deterred from filing a grievance.

There are other factual issues which can be raised refuting plaintiff's allegations in this matter. Barrett denies plaintiff's claims of forced sexual attacks and denies that he ever threatened plaintiff. Also, plaintiff's complaint does not, and cannot, allege that Berrios received the alleged Inmate Request because later facts proved Berrios did not even work at plaintiff's prison at the time. Also, the complaint does not, and cannot, allege that the note discussed the alleged sexual assaults because later facts proved that it did not. However, these matters go beyond the factual allegations of the complaint considered on a Motion to Dismiss. Defendants are prepared to submit evidence of these matters at any evidentiary hearing scheduled by the court, if the court believes such a hearing is necessary. Alternatively, defendants respectfully reserve the opportunity to present evidence on Summary Judgment or at trial in support of this defense.

However, defendants urge the court to conclude that such additional evidence is not necessary, as the complaint, on its face, and the arguments of plaintiff's counsel, demonstrate that an administrative remedy was available in this case that plaintiff did not exhaust, that defendants are not estopped from raising the defense, and that plaintiff was not excused from

---

[3] See Claim File No. 18563 (permission to sue granted March 3, 2003).

[4] See Htfd. CV-02-0818806 (against Barrett); Htfd. CV-04-0832437 (against state defendants, dismissed on subject matter jurisdictional grounds); Htfd. CV-05-4013064 (against the state under the accidental failure of suit statute).

utilizing that process under the circumstances alleged. Accordingly, the complaint should be dismissed for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act.

**II.     Defendants have not waived their right to a ruling on the Motion to Dismiss.**

Plaintiff also argues that the issue is moot because the defendants filed an Answer with Affirmative Defenses on January 20, 2006, after the Court of Appeals vacated the District Court judgment and remanded the case for further proceedings. Plaintiff's Brief, p. 7.

The argument should be rejected. The Court of Appeals remanded the case "to determine whether Doe exhausted his administrative remedies." Summary Order, p. 3. That charge was not dependent on the status of the pleadings. Moreover, the Answer that defendants filed did not waive the issue. To the contrary, in their Seventh Affirmative Defense, defendants specifically preserved the issue. See Answer, Affirmative Defenses, Docket No. 65. Defendants filed an Answer to avoid being defaulted for failure to plead as the judgment on the Motion to Dismiss had been vacated and the next pleading was due. Rule 12(a)(4), F.R.Civ.P. Indeed, this court modified the schedule to update the Answer deadline. See Docket No. 64.

The status of the pleadings does not prevent the court from deciding whether to dismiss the case on this defense because the Court of Appeals remanded the case for just such a determination. See Summary Order, p. 3. Even if defendants waived the defense, the court, following the mandate of the Court of Appeals, could still decide the issue. Hill v. Chalanor, 419 F.Supp. 2d 255 (N.D.N.Y. 2006). The PLRA permits the court to dismiss a prison lawsuit "…on its own motion or on the motion of the party…" 42 U.S.C. § 1997e(c)(1). This includes sua sponte dismissals for failure to exhaust prison administrative remedies where the defect is readily

apparent, as long as the court affords the plaintiff notice and opportunity to be heard. Torrence v. Pesanti, 239 F.Supp. 2d 230, 231 (D.Conn. 2003) citing Snider v. Melindez, 199 F.3d 108 (2d Cir. 1999); see also, Hill v. Chalanor, supra at 257. The Court of Appeals has already rejected plaintiff's challenge to whether the exhaustion issue could be raised on Motion to Dismiss, challenge to the applicability of the provisions of the grievance procedure, and other procedural and evidentiary issues. Summary Order, p. 4 (other issues rejected). The Court of Appeals has ordered the court to decide the PLRA issue on the merits. Plaintiff's microscopic search for technical infirmities is moot.

## CONCLUSION

Wherefore, we urge the court to dismiss plaintiff's complaint for failure to exhaust his prison administrative remedies.

DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____/s/_____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel:  (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 10th day of August, 2006:

    Zisca R. Burkley, Esq.
    Rome McGuigan, P.C.
    One State Street
    Hartford, CT 06103

                                                                _____/s/_____
                                                                 Robert F. Vacchelli
                                                                 Assistant Attorney General