# ATTACHMENT A

1   UNITED STATES COURT OF APPEALS
2   FOR THE SECOND CIRCUIT
3
4   SUMMARY ORDER
5
6   **THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER**
7   **AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY**
8   **OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY**
9   **OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR**
10  **IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**
11
12      At a stated term of the United States Court of Appeals for the Second Circuit, held at the
13  Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the
14  11th day of October, two thousand and five
15
16  PRESENT:
17
18      HON. BARRINGTON D. PARKER,[1]
19
20          *Circuit Judge.*
21
22      HON. RICHARD M. BERMAN,[2]
23
24          *Judge.*
25
26  _____
27
28  JOHN DOE,
29          *Plaintiff-Appellant,*
30                                                  **SUMMARY ORDER**
31      v.                                          No. 01-0246
32
33  JOSE BERRIOS, JOHN J. ARMSTRONG,
34  KEN AVERY, BELINDA BILLUE,
35  ESTHER MCINTOSH, MARY MARTO,
36  MARY JOHNSON, UNIVERSITY OF CT
37  HEALTH CTR,

_____

[1] The Honorable Ellsworth A. Van Graafeiland, who was a member of the panel, died on November 20, 2004.

[2] The Honorable Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.

1

          _____*Defendant-Appellees*,

RONALD BARRETT,

          *Defendant.*

―――――――――――――――――――――

| | |
|---|---|
| Counsel for Appellant: | Jacob Wieselman (Julie D. Blake, on the brief), Rome McGuigan Sabanosh P.C., Hartford, CT |
| Counsel for Appellee: | Robert F. Vacchelli, Assistant Attorney General, *for* Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, CT |

Appeal from judgment of the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is VACATED and the matter is REMANDED to the district court.**

Plaintiff-Appellant John Doe, a Connecticut state prisoner, appeals the dismissal of his complaint, brought under 42 U.S.C. § 1983, for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Familiarity with the facts, procedural history and issues on appeal is presumed.

We review a district court's dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*, with all inferences drawn in favor of the nonmoving party. *See Ortiz v. McBride*, 380 F.3d 649, 653 (2d Cir. 2004). "We similarly review a district court's ruling on whether a plaintiff whose claim is governed by the PLRA has exhausted administrative remedies *de novo*." *Id.* at 653.

"It is now well-settled in this circuit that exhaustion under the PLRA is not jurisdictional, and that it is an affirmative defense." *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004) (citing *Richardson v. Goord*, 347 F.3d 431, 434 (2d Cir. 2003); *Jenkins v. Haubert*, 179 F.3d 19,

1  28-29 (2d Cir. 1999)). Since this Court heard oral argument, we have issued five consolidated

2  opinions which, in clarifying the nature of this affirmative defense, directly impact this case. *See*

3  *generally Ortiz v. McBride*, 380 F.3d 649 (2d Cir. 2004); *Abney v. McGinnis*, 380 F.3d 663 (2d

4  Cir. 2004); *Giano v. Goord*, 380 F.3d 670 (2d Cir. 2004); *Hemphill v. State of New York*, 380

5  F.3d 680 (2d Cir. 2004); *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004).

6  In *Hemphill* we held that a "three-part inquiry is appropriate in cases where a prisoner

7  plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust

8  available administrative remedies as required by the PLRA." *Hemphill*, 380 F.3d at 686. First,

9  the court should ask "whether administrative remedies were in fact 'available' to the prisoner."

10 *Id.* (citing *Abney*, 380 F.3d at 667-69). Second, the court should consider whether the defendants

11 "forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it" or are

12 otherwise estopped from raising the defense. *Hemphill*, 380 F.3d at 686 (citing *Johnson*, 380

13 F.3d at 695-96; *Ziemba*, 366 F.3d at 163). Third, the court "should consider whether 'special

14 circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with

15 administrative procedural requirements.'" *Hemphill*, 380 F.3d at 686 (quoting *Giano*, 380 F.3d

16 at 676). Of particular relevance to this case, "in some circumstances threats by prison guards

17 may render administrative remedies 'unavailable' for purposes of [the PLRA]." *Ortiz*, 380 F.3d

18 at 654 (citing *Hemphill*, 380 F.3d at 689-91).

19 Because *Ortiz*, *Hemphill*, *Giano*, *Johnson*, and *Abney* were decided after the district

20 court's dismissal of Doe's claims, it did not have the benefit of this precedent in considering

21 whether Doe's claims had been exhausted. Accordingly, we remand to the district court to

22 determine whether Doe exhausted his administrative remedies. We take no position on whether

1  the district court's application of *Hemphill* may require additional factual development.

2  We have considered all of Doe's other arguments on appeal and find them without merit.

3  The judgment of the district court with respect to the Defendant-Appellees is VACATED,
4  and this case is REMANDED to the district court for further proceedings.

FOR THE COURT:

Roseann B. MacKechnie
Clerk of Court



By: _____