UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br>      Plaintiff, | :   CIVIL ACTION:<br>:   3:01-CV-00519 (PCD) |
| v. | : |
| RONALD BARRETT, ET AL.<br>      Defendants. | :<br>:   MAY 7, 2007 |

**MOTION FOR RELIEF FROM JUDGMENT**

    The Plaintiff submits this Motion seeking relief and/or a clarification of this Court's orders dated December 18, 2006 and May 1, 2007. The Plaintiff's Complaint in this case consisted of nine separate counts and included both federal and state claims against Defendants, including the University of Connecticut Health Center and eight individuals. On December 18, 2006, this Court granted in part, and denied in part, the Defendants' Motion to Dismiss. On May 1, 2007, Defense counsel's Motion to Withdraw his appearance was denied as moot because the Court found the case was "closed." The Plaintiff seeks relief from those judgments, as certain federal claims against individual defendants remain viable.

I.  **Facts**

The Plaintiff's original Complaint in this case included nine counts directed at eight individual Defendants and the University of Connecticut Health Center. The First, Fourth, Fifth, and Sixth Counts were alleged as against the Defendant, Ronald Barrett ("Barrett"), arising from certain alleged conduct by Barrett which injured the Plaintiff and amounted to both a violation of the Plaintiff's constitutional rights and the basis for certain state law claims. The Plaintiff's Seventh and Ninth Counts alleged, under state law, that the Defendant, University of Connecticut Health Center, negligently hired and retained Barrett. The Eighth Count constituted a claim, pursuant to state law, against all the named Defendants for negligent supervision of Barrett. Finally, the Second and Third Counts of the Plaintiff's Complaint were brought against the Defendants, Jose Berrios, John Armstrong, Ken Avery, Belinda Billue, Esther McIntosh, Mary Marto, and Mary Johnson, and claimed such individuals were supervisors of Barrett who had personal involvement in Barrett's violation of the Plaintiff's constitutional rights.

On December 18, 2006, this Court issued its ruling on the Defendants' Motion to Dismiss the Plaintiff's Complaint. The opinion expressly provides that the Defendants' Motion was granted in part and reversed in part. It also provides that the Plaintiff's claims as against certain individual Defendants involved a question of fact, making

2

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

dismissal improper for those specific, federal claims. The Court dismissed the claims against the University of Connecticut Health Center and the Plaintiff's state law claims.[1] However, the Court concludes that: "In all other respects, Defendants' Motion to Dismiss is denied." (*Id.*).

## II. Law

The Plaintiff brings this Motion pursuant to Federal Rule of Civil Procedure 60(b), which states in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment.

Such motion must be made within a "reasonable time." *Id.*

## III. Argument

This case should not be closed, because the Plaintiff still has viable, federal claims against individual Defendants. Therefore, the Plaintiff seeks relief from the Court's determination that the case was fully closed by the Court's decision on the Defendants' Motion to Dismiss and an articulation of which Counts of the Complaint remain viable.

---

[1] The Plaintiff's claims against the Defendant, Barrett, had been dismissed prior to this decision. (Opinion at p. 1, n. 1).

The Second and Third Counts of the Plaintiff's Complaint survived the Defendants' Motion to Dismiss according to the Court's opinion dated December 18, 2006. The Court's opinion provides that "this Court finds that Plaintiff has plead sufficient facts to create a material issue of fact as to whether the Defendants had the requisite level of personal involvement in the alleged constitutional violations." (Opinion at p. 18). This was contained within the Court's discussion of the federal claims against the named individuals, Jose Berrios, John Armstrong, Ken Avery, Belinda Billue, Esther McIntosh, Mary Marto, and Mary Johnson, who each had supervisory positions with respect to Barrett.

The portion of the Motion to Dismiss which was granted dismissed the claims against the University of Connecticut and the other, remaining *state* law claims. All the claims against Barrett had been previously dismissed. Therefore, the portion of the Defendants' Motion to Dismiss which was granted did not dismiss the *federal* claims against the named individuals contained within the Second and Third Counts.[2]

---

[2] On April 24, 2007, the Defendants' counsel filed a Motion to Withdraw his appearance. This filing provides further evidence that the case had not been dismissed in all respects.

4

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff, respectfully requests that this Court provide the Plaintiff relief from the judgment rendered on the Defendants' Motion to Dismiss dated December 18, 2006 and the order on Defendants' counsel's Motion to Withdraw his appearance claiming that this case is closed. Further, the Plaintiff seeks an articulation providing a statement which Counts of the Plaintiff's Complaint remain viable.

PLAINTIFF, JOHN DOE

BY _____
Zisca R. Burkley
Federal Bar No. ct22561
Rome McGuigan, P.C.
One State Street
Hartford, CT 06103
860-549-1000
860-724-3921 (fax)
zburkley@rms-law.com

5

*Rome McGuigan, P.C.* • Attorneys at Law
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

## CERTIFICATION

I hereby certify that on May 7, 2007, a copy of the forgoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Zisca R. Burkley

011615\000003\EM0689